

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2002

# Harris v. Terhune

Precedential or Non-Precedential:

Docket No. 01-3490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Harris v. Terhune" (2002). *2002 Decisions.* Paper 265.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/265

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3490
_____


TERRANCE D. HARRIS,

Appellant

v.

JOHN S. TERHUNE;
WILLIE BOGGAN; SHERRY JONES;
LAMKIN, Investigator; ASCIONE, Corrections Officer;
MOORE, Corrections Officer; SPERIER, Corrections Officer;
FINLEY, Corrections Officer; JOHN DOE, I-X;
CORBIN, Corrections Officer; JOSEPH BUTLER; JACK OSVART;
PRIM SENHA; SHELIAH THOMAS; STATE OF NEW JERSEY;
NEW JERSEY DEPARTMENT OF CORRECTIONS

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 99-cv-03543
(Honorable Joseph H. Rodriguez)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2002
Before:  SCIRICA and ROSENN, Circuit Judges, and WARD, District Judge*


     *The Honorable Robert J. Ward , United States District Judge for the Southern District
of New York, sitting by designation.


(Filed April 11, 2002)

_____

OPINION OF THE COURT
_____

SCIRICA, Circuit Judge.

     Terrence Harris brought suit in the United States District Court for the District of
New Jersey under 42 U.S.C.  1983, alleging that various employees of the New Jersey
Department of Corrections interfered with his free exercise of religion and retaliated
against him for filing grievances while he was incarcerated at the Albert C. Wagner
Youth Correctional Facility in New Jersey.  The District Court granted summary
judgment for defendants.  We will affirm.
                              I.
     We exercise plenary review over an appeal from a grant of summary judgment.
DeHart v. Horn, 227 F.3d 47 (3d Cir. 2000).  "Summary judgment is appropriate only if

there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law."  Id. at 50 (citations omitted).

> In considering a motion for summary judgment, a court must draw all reasonable inferences from the underlying facts in the light most favorable to the non-moving party.  The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact.  Once the moving party has met this initial burden, the non-moving party must present concrete evidence that supports each essential element of its claim.

Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001) (citations omitted).

On his free exercise of religion claim, Harris contends that corrections officer Wayne Corbin placed a substantial burden on his daily call to prayer, a central practice of the Muslim religion.  We have stated that "[i]nmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion" subject to certain valid penological objectives.  DeHart, 227 F.3d at 50-51 (quotations and citations omitted).  Defendants fulfilled their initial burden under Fed.R.Civ.P. 56 by demonstrating an absence of evidence to support Harris' claim of interference with his free exercise of religion.  As the District Court noted, defendants submitted affidavits and evidence of Harris' disciplinary record which showed that Harris received only one disciplinary charge during the time period in question and that Corbin never issued Harris a disciplinary charge or interfered with Harris' free exercise of religion.

Harris did not set forth specific facts showing a genuine issue for trial nor did he submit any depositions or affidavits to support his claim.  Because Harris did not meet his burden under Fed.R.Civ.P. 56, granting summary judgment for the defendants was proper.

                                III.

The government may not retaliate against an individual for exercising his constitutionally protected right to file grievances.  A prisoner-plaintiff must comply with a three part test when making a retaliation claim.  See Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001).  First, a plaintiff must prove "the conduct which led to the alleged retaliation was constitutionally protected."  Id. at 333 (citation omitted).  Second, he "must show that he suffered some 'adverse action' at the hands of prison officials."  Id. (citation omitted).  Finally, he must prove "that his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him."  Id. (citing Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977)).

Harris failed to offer any evidence that filing grievances was the "substantial or motivating factor" in his receiving a disciplinary sanction of ten days detention for failure to obey an order.  Because Harris did not present evidence from which a reasonable jury could conclude the prison officials retaliated against him for exercising his rights, he did not meet his obligation under Fed.R.Civ.P. 56.

Lastly, Harris contends that summary judgment was premature because he was denied an adequate opportunity to obtain discovery.  We are not convinced.  Notably absent from Harris' brief is any request of discovery being served upon the defendants or any meaningful petition to the District Court that discovery was incomplete.  In any case, Harris fails to point to what discovery he now wants besides an unfounded allegation that the prison disciplinary record already disclosed by the defendants as being incomplete.

                                IV.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment.

TO THE CLERK:

        Please file the foregoing opinion.

                        /s/ Anthony J. Scirica
                           Circuit Judge

DATED:  April 11, 2002